UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**EDWARD D. BALLARD, et al.,**     )
                                   )
      **Plaintiffs,**             )
                                   )
      v.                         )    Civil Action No. 10-1907 (RWR)
                                   )
**THE DISTRICT OF COLUMBIA, et**   )
**al.,**                           )
                                   )
      **Defendants.**             )
_____)

### MEMORANDUM OPINION AND ORDER

Plaintiffs, the family of decedent Yiana-Michelle Ballard, have moved to remand to the Superior Court of the District of Columbia this wrongful death action originally filed there against the District of Columbia ("D.C."), Detective Charles Hilliard, and D.C. Child and Family Services Agency employees Kenneth Frazier and William Johnson.[1] The defendants oppose the motion under the "last-served" rule governing deadlines for consent to removal, arguing that all defendants consented within thirty days of service of the complaint upon the last-served defendant. Because the equities counsel in favor of remand whether the "last-served," "first-served," or "intermediate" rule is applied, the motion will be granted.

---

    [1]    All individual defendants were named in their individual and official capacities. (Notice of Removal ("Notice"), Ex. 2 at ¶¶ 8-10.)

BACKGROUND

Plaintiffs filed suit in Superior Court on October 7, 2010. (See Notice of Removal ("Notice"), Ex. 1 at 1.) The D.C. Attorney General's office has represented all defendants at all times relevant to this action. On October 8, 2010, the plaintiffs served the complaint upon defendant D.C. (Notice, Ex. 4 at 1; Pls.' Mem. in Supp. of Mot. to Remand ("Pls.' Mem.") at 1.) The plaintiffs served the complaint on Johnson on October 21, 2010, on Frazier on October 27, 2010, and on Hilliard on November 3, 2010. (Notice, Ex. 6 at 1, Ex. 5 at 1; Pls.' Mem. at 1; Defs.' Opp'n at 2-3.)

On November 5, 2010, D.C. filed a notice of removal in this court. (Notice at 2-3.) An amended notice of removal reflecting Hilliard's consent was filed on December 3, 2010. (Am. Notice of Removal ("Am. Notice") at 2.) The amended notice also asserted Frazier's and Johnson's consent to removal. (Am. Notice, Ex. 4 at 3.) On November 12, 2010, between the filing of the original and the amended notices of removal, all defendants moved for an extension of time to respond to the complaint. (Defs.' Mot. for an Extension of Time to Respond to the Compl. ("Defs.' Mot.") at 1.)

The plaintiffs have moved to remand the case to the Superior Court, challenging as untimely Johnson's and Frazier's consent to removal and requesting reimbursement of attorney's fees and costs incurred as a result of the remand. (Pls.' Mem. at 3.) The

-3-

defendants oppose the motion. They argue that Johnson and Frazier "impliedly consented to removal" by joining the defendants' November 12, 2010 motion for an extension of time within thirty days of service upon them.[2] (Defs.' Opp'n at 3.) The defendants also argue, consistent with the "last-served" rule described below, that Johnson and Frazier expressed timely, independent, and unambiguous consent to removal in Hilliard's amended notice. (Id. at 7.)

DISCUSSION

I.  REMAND

A state court defendant may seek to remove an eligible matter to the federal district court for the district in which the action is pending. 28 U.S.C. § 1441(a); accord Lindsay v. Gov't Emps. Ins. Co., 448 F.3d 416, 422 (D.C. Cir. 2006). Within thirty days after service of the complaint, the defendant must file a notice of removal. 28 U.S.C. § 1446(b). Where there are multiple defendants, "removal requires the unanimous [and unambiguous] consent of all [served] defendants[.]"[3] Ficken v.

---

[2] The defendants offer no authority for the theory of implied consent to removal, or for the proposition that joining a motion constitutes the unambiguous consent required by the statute governing removal, 28 U.S.C. §1446(b).

[3] "[N]ominal or formal party-defendant[s]" are excepted from the unanimity rule. Cho, 547 F. Supp. 2d at 30 (citing 28 U.S.C. § 1441(c)). Because Johnson, Frazier, and Hilliard were sued in their official and individual capacities, the analysis of the defendants' consent to removal is confined to their filings in their individual capacities.

-4-

Golden, 696 F. Supp. 2d 21, 26 (D.D.C. 2010); Ok Yeon Cho v. D.C., 547 F. Supp. 2d 28, 30 (D.D.C. 2008).  Courts in this circuit have construed removal jurisdiction strictly, favoring remand where the propriety of removal is unclear.  See, e.g., Queen v. Schmidt, Civil Action No. 10-2017 (RMU), 2011 WL 4101117, at *1 (D.D.C. Sep. 14, 2011) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941)).  However, the D.C. Circuit has not yet determined "when the time to obtain consent to removal runs" in multiple-defendant cases.  See Williams v. Int'l Gun-A-Rama, 416 F. App'x 97, 100 n.2 (2nd Cir. 2011).

Other circuits have split on the issue, announcing "first-served," "last-served," and "intermediate" rules.[4]  Barbour v. Int'l Union, 640 F.3d 599, 605-13 (4th Cir. 2011).  The Fifth Circuit has adopted the first-served rule, under which "all served defendants must consent to removal no later than thirty days from the day on which the first defendant was served." Williams, 416 F. App'x at 100 n.2 (internal citation and quotation marks omitted).  "[T]he Sixth, Eighth, and Eleventh Circuits follow the last-served defendant rule, which allows each defendant to remove within thirty days of receiving service[]" even where "the first-served defendants failed to effect a timely removal."  Id. (internal citations omitted); Princeton Running,

---

[4]  The Eleventh Circuit has noted that "the trend in recent caselaw favors the last-served defendant rule." Bailey v. Janssen Pharm. Inc., 536 F.3d 1202, 1205-06 (11th Cir. 2008).

Co., Inc. v. Williams, Civil Action No. 05-1461 (PLF), 2006 WL 2557832, at *2 (D.D.C. Sept. 5, 2006) (citing Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527 (6th Cir. 1999)).  Finally, in the Fourth Circuit, the "[i]ntermediate [r]ule requires a notice of removal to be filed within the first-served defendant's thirty-day window, but gives later-served defendants thirty days from the date they were served to join the notice of removal."  Barbour, 640 F.3d at 607 (citing McKinney v. Bd. of Tr. of Mayland Cmty. Coll., 955 F.2d 924 (4th Cir. 1992)).  Judges in this court have applied the intermediate rule.  See, e.g., Elkalibe v. Ibiza Nightclub DC, LLC, Civil Action No. 10-2186 (ESH), 2011 WL 1395262, at 2 n.3 (D.D.C. April 13, 2011) (citing Princeton Running, 2006 WL 2557832, at *2); Phillips v. Corr. Corp. of Am., 407 F. Supp. 2d 18, 21 (D.D.C. 2005).

There is no need to decide which rule applies here because under any rule, the defendants failed to consent timely, unanimously, and unambiguously to removal.  Under the first-served rule, all defendants would have had to consent to removal within thirty days of the date of service upon D.C.  See Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262-63 (5th Cir. 1988).  Plaintiffs served D.C. with the complaint on October 8, 2010.  While the first-served rule would require all defendants to have petitioned for or consented to removal by November 8, 2010, none of the individually-named defendants consented until December 3, 2010.  Defendants likewise find no recourse in the

-6-

last-served rule, which "allows each defendant to remove within thirty days of receiving service[]" even if the notice of removal is not filed within thirty days of service upon the first-served defendant. Williams, 416 F. App'x at 100 n.2. (See also Pls.' Reply at 11-12.)  Defendants D.C. and Hilliard each complied with this thirty-day deadline. (Defs.' Opp'n at 2-3; but see Pls.' Reply at 4-5 (stating that Hilliard's "right to remove was waived by his [earlier-served] co-defendants" for their failure to meet their thirty-day deadlines).)  Defendants Johnson and Frazier concededly did not (see Defs.' Opp'n at 3, 7), and their joining a motion for an extension to respond to the complaint was not an unambiguous statement of removal.  The two were served with the complaint on October 21 and 27, 2010, respectively, and neither unambiguously consented to removal until December 3 of that year. (Pls.' Reply at 4.)  Finally, the defendants failed to satisfy the intermediate rule, under which each later-served defendant has thirty days -- from the date of service upon *him* -- to consent to removal, so long as the first-served defendant has petitioned for removal within thirty days of receiving service. Princeton Running Co., 2006 WL 2557832, at *2-*3.  As has been noted, Johnson and Frazier failed to consent to removal within that thirty-day window.

In deciding which rule to apply, courts often consider the equities —- or inequities -- that "flow from" it.  See, e.g., Barbour, 640 F.3d at 613.  Indeed, courts created the last-served

-7-

rule "based upon equitable concerns of fairness[.]"  <u>Ballard Nursing Ctr., Inc. v. GF Health Prods., Inc.</u>, No. 07-C-5715, 2007 WL 3448731 (N.D. Ill. Nov. 14, 2007.)  Here, all defendants were at all times relevant to this action represented by the D.C. Attorney General.  From the moment of service upon D.C. on October 8, 2010, the Attorney General would have known to calculate the deadlines for all defendants to file notice of or consent to removal.  The defendants have demonstrated no reason for the failure to comply with the removal statute and the cases in this court interpreting it.  That presents a procedural defect fatal to removal.  <u>See, e.g.</u>, <u>Loftis v. United Parcel Serv.</u>, 342 F.3d 509, 516 (6th Cir. 2003) ("Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446.").  (<u>See also</u> Pls.' Reply at 5.)  Concerns of equity and fairness therefore warrant a remand to the Superior Court.

II.  ATTORNEYS' FEES

"Under 28 U.S.C. § 1447(c), a district court may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal."  <u>Nat'l Consumers League v. Gen. Mills, Inc.</u>, 680 F. Supp. 2d 132, 141 (D.D.C. 2010) (internal citation and quotation marks omitted).  "Absent unusual circumstances, a district court may award attorney's fees when remanding a removed case only if the removing party lacked an objectively reasonable basis for seeking removal."  <u>Knop v. Mackall</u>, 645 F.3d 381, 382 (D.C. Cir. 2011) (quoting <u>Martin v.

Franklin Capital Corp., 546 U.S. 132, 141 (2005)).  "Conversely, when an objectively reasonable basis exists, fees should be denied."  Williams, 416 F. App'x at 99 (internal citation and quotation marks omitted).  "Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed."  Id. (internal quotation marks and citations omitted).  In this circuit, costs and expenses associated with removal are awarded "[w]here non-removability is obvious or contrary to well-settled law[.]"  Nat'l Consumers League, 680 F. Supp. 2d at 141.

The defendants argue that "based on [the] [p]laintiffs' claims under 42 U.S.C. § 1983[,] . . . the [d]efendants . . . had an objectively reasonable basis for removal."  (Defs.' Opp'n at 8.)  The plaintiffs' reply does not address or rebut that argument.  A civil action filed in the Superior Court of which the federal district court has original jurisdiction, such as an action founded on a claim arising under a federal statute, is removable.  28 U.S.C. § 1441(a), (b).  Plaintiffs' 42 U.S.C. § 1983 claim did provide an objectively reasonable basis for removal, even though the plaintiffs' failure to achieve removal in full compliance with the removal statute doomed the success of their effort.  The defendants have satisfied the objectively reasonable basis for removal standard sufficiently to block an award to plaintiffs of fees and costs.

-9-

CONCLUSION

The defendants' procedurally faulty removal efforts failed to satisfy the requirements of the removal statute, and the equities favor remand. The plaintiffs' motion to remand this action to the Superior Court will be granted. All remaining motions will be left for decision by the Superior Court. Accordingly, it is hereby

ORDERED that the plaintiffs' motion [4] to remand be, and hereby is, GRANTED. The Clerk is directed to remand this case to the Superior Court of the District of Columbia.

SIGNED this 22nd day of September, 2011.

```
                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge
```