UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
EDWARD D. BALLARD, et al.,      )
                               )
        Plaintiffs,             )
                               )
        v.                      )    Civil Action No. 10-1907 (RWR)
                               )
THE DISTRICT OF COLUMBIA, et    )
al.,                            )
                               )
        Defendants.             )
_____)
```

## MEMORANDUM OPINION AND ORDER

Defendants District of Columbia ("D.C."), Detective Charles
Hilliard, and D.C. Child and Family Services Agency employees
Kenneth Frazier and William Johnson move under Federal Rule of
Civil Procedure 59(e) for reconsideration of the order remanding
the case to the Superior Court of the District of Columbia due to
an untimely removal.  They assign as error one allegedly
misstated key fact and the order's analysis of the "last-served"
rule, one of three potential rules governing deadlines for
consent to removal.  The plaintiffs, the family of decedent
Yiana-Michelle Ballard, oppose the motion arguing that 28 U.S.C.
§ 1447(d) bars review, and that in any event, the defendants
failed to identify any new law, new evidence, or clear error
warranting reconsideration.  Because the defendants have failed
to demonstrate that reconsideration is either allowed under 28

-2-

U.S.C. § 1447(d) or warranted under Rule 59(e), the motion will be denied.

<u>BACKGROUND</u>

The plaintiffs filed their complaint in the Superior Court on October 7, 2010.  The complaint alleged that the defendants violated 42 U.S.C. § 1983 by willfully depriving the plaintiffs of their right under the Fourth Amendment to be free from unreasonable searches and seizures and their right to counsel under the Fifth Amendment.  The plaintiffs served the complaint upon D.C. on October 8, 2010.  They served Johnson and Frazier with the complaint on October 21 and 27, 2010, respectively.  On November 3, 2010, the plaintiffs served Hilliard.  <u>Ballard v. D.C.</u>, Civil Action No. 10-1907 (RWR), 2011 WL 4406335, at *1 (D.D.C. Sept. 22, 2011).

D.C. removed the action on November 5, 2010, within the 30 days after service of process by which 28 U.S.C. § 1446(b) requires a removal notice to be filed.[1]  Hilliard timely filed a removal notice on December 3, 2010.  Hilliard's notice also asserted Frazier's and Johnson's consent to removal.  However, by the time Hilliard filed his notice on December 3, more than 30 days had passed after Johnson and Frazier had been served.

---

[1] Section 1446(a) describes how to remove a case from state to federal court.  Section 1446(b) requires "[t]he notice of removal . . . [to] be filed within thirty days after the receipt by the defendant" of the complaint.  28 U.S.C. § 1446(b).

Johnson's 30-day period ended on November 22, 2010.[2]  (See Pls.'
Reply in Support of Mot. to Remand at 4.)  Frazier's 30-day
period ended on November 26, 2010.[3]

The plaintiffs moved to remand the matter to the Superior
Court arguing that Johnson's and Frazier's consent was untimely.
The defendants opposed remand but conceded that determining
timeliness could be "problematic."  (Defs.' Opp'n to Pls.' Mot.
to Remand at 4.)  They noted a "first-served rule," a "last-
served rule," and an "intermediate rule" variously used to
determine timeliness of removal.  (Id. at 4-5.)  They
acknowledged that cases in this district discussing the rules
adopted the intermediate rule,[4] but they urged this court to
adopt the last-served rule.  (Id. at 5, 7.)  This court declined
to do so and found that the defendants failed to consent timely,
unanimously, and unambiguously to removal.  Ballard, 2011 WL
4406335, at *2.  The September 22, 2011 memorandum opinion and

---

[2] The thirtieth day fell on Saturday, November 20, 2010.
Thus, the 30-day period ended on "the next day that [was] not a
Saturday, Sunday, or legal holiday."  Fed. R. Civ. P. 6(a)(1)(C).

[3] The thirtieth day fell on Thursday, November 25, 2010, the
federal Thanksgiving holiday.  Thus, the 30-day period ended on
the next day.  Fed. R. Civ. P. 6(a)(1)(C).

[4] Philips v. Corr. Corp. of Am., 407 F. Supp. 2d 18, 21
(D.D.C. 2005); Princeton Running, Co., Inc. v. Williams, Civil
Action No. 05-1461 (PLF), 2006 WL 2557832, at *3 (D.D.C. Sept. 5,
2006).  A third case in this district has since adopted the
intermediate rule.  Elkalibe v. Ibiza Nightclub DC, LLC, Civil
Action No. 10-2186 (ESH), 2011 WL 1395262, at 2 n.3 (D.D.C.
Apr. 13, 2011).

-4-

order ("September opinion and order") granting remand rejected
the defendants' argument that Johnson's and Frazier's consent to
removal satisfied the "last-served" rule, described as
"allow[ing] each defendant to remove within thirty days of
receiving service[] even if the notice of removal is not filed
within thirty days of service upon the first-served defendant."
Id. (internal quotation marks and citation omitted).  The
September opinion and order otherwise concluded that the equities
favored remand, as

> all defendants were at all [relevant] times
> . . . represented by the D.C. Attorney General.  From
> the moment of service upon D.C. on October 8, 2010, the
> Attorney General would have known to calculate the
> deadlines for all defendants to file notice of or
> consent to removal.  The defendants have demonstrated
> no reason for the failure to comply with the removal
> statute and the cases in this court interpreting it.

Id. at *3.

Defendants now move to reconsider the ruling on the basis of
two alleged errors.  First, they argue that the September opinion
and order misstated who filed the December 3rd notice, a fact
they deemed key.  Second, while they concede having failed
properly to remove under the first-served and intermediate
rules,[5] they challenge the finding "that the removal on

---

[5] Under the first-served rule, all defendants must consent
to removal within thirty days of the date of service upon the
first-served defendant.  Under the intermediate rule, each
later-served defendant has thirty days -- from the date of
service upon him -- to consent to removal, so long as the
first-served defendant has petitioned for removal within thirty
days of receiving service.  See Ballard, 2011 WL 4406335, at *2.

-5-

December 3, 2010, was not proper under the last-served rule."

(Defs.' Mem. in Support of Mot. for Reconsideration ("Defs.'

Mem.") at 4.)   The plaintiffs contend that this remand order is

not reviewable since 28 U.S.C. § 1447(d) makes an order remanding

a case to a state court unreviewable on appeal or otherwise.

(Pls.' Opp'n to Defs.' Mot. for Reconsideration ("Pls.' Opp'n")

at 3.)   In the alternative, the plaintiffs argue that the

defendants have provided no basis warranting reconsideration

under Rule 59(e).   (<u>Id.</u> at 5-8.)   The plaintiffs also request

attorneys' fees.[6]   (<u>Id.</u> at 8-9.)

---

[6] The plaintiffs raise the question whether "the Court retains any jurisdiction over the case after entering the Remand Order." (Pls.' Opp'n at 4 n.2.)   At least one court in this district has retained jurisdiction to reconsider an order of remand where the order "ha[d] not yet been mailed to the Superior Court." <u>Middlebrooks v. Godwin Corp.</u>, Civil Action No. 11-922 (BAH), 2011 WL 5395656, at *5 n.3 (D.D.C. Nov. 9, 2011) (citing <u>Shapiro v. Logistec USA, Inc.</u>, 412 F.3d 307, 312 (2d Cir. 2005) (holding that "once a section 1447(c) remand order has been mailed to the state court . . . , federal jurisdiction is at an end")).   <u>See</u> <u>Hunt v. Acromed Corp.</u>, 961 F.2d 1079, 1081-82 (3rd Cir. 1992) ("The federal court is completely divested of jurisdiction once it mails a certified copy of the [remand] order to the clerk of the state court"); <u>but see</u> <u>In re Lowe</u>, 102 F.3d 731, 735 (4th Cir. 1996) ("the entry of th[e] [remand] order divested the district court of all jurisdiction . . . and precluded it from entertaining any further proceedings of any character[.]") (internal quotation marks and citation omitted). The September opinion and order has not yet been mailed to the Superior Court.   Given the disposition reached here, however, the question of jurisdiction to resolve the pending motion to reconsider is for all practical purposes moot.

-6-

DISCUSSION

I.   REVIEWABILITY

A.   <u>The remand statute's bar</u>

Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]"  28 U.S.C. § 1447(c).  The section "authorizes remands for lack of jurisdiction and defects in removal procedure (as § 1446 defines those procedural requirements)."  <u>Benson v. SI Handling Sys., Inc.</u>, 188 F.3d 780, 782 (7th Cir. 1999).  "It is settled law that an untimely removal constitutes a defect in the removal process, and that a remand based upon such a defect is encompassed by section 1447(c)."  <u>Tipp v. AmSouth Bank</u>, 89 F. Supp. 2d 1304, 1307 (S.D. Ala. 2000) (citing <u>Things Remembered v. Petrarca</u>, 516 U.S. 124, 127-28 (1995).)  <u>See also</u> <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 712 (1996) (identifying defects in removal procedure as a ground for remand under § 1447(c)).

Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]"  28 U.S.C. § 1447(d).  "This language has been universally construed to preclude . . . reconsideration by the district court."[7]  <u>Seedman v. U.S. Dist. Court for Cent.</u>

---

[7] The defendants erroneously argue that § 1447(d) "only bars appellate-type review[.]"  (Defs.' Reply at 1.)

-7-

<u>Dist. of Cal.</u>, 837 F.2d 413, 414 (9th Cir. 1988).  The Supreme
Court has held that section 1447(d) "should be read *in pari
materia* with section 1447(c), so that only remands based on the
grounds specified in the latter are shielded by the bar on review
mandated by the former." <u>Powerex Corp. v. Reliant Energy Svcs.,
Inc.</u>, 551 U.S. 224, 229 (2007); <u>accord</u> <u>Thermtron Prods., Inc. v.
Hermansdorfer</u>, 423 U.S. 336, 345 (1976), *overruled on other
grounds in* <u>Quackenbush</u>, 517 U.S. at 707.  Thus, "only remand
orders issued under § 1447(c) and invoking the grounds specified
therein . . . are immune from review under § 1447(d)." <u>Shapiro</u>,
412 F.3d at 310 (internal quotation marks and citation omitted).
If an order issues under § 1447(c), "[t]he . . . court has one
shot, right or wrong[,]" to determine whether remand is
appropriate. <u>In re La Providencia Dev. Corp.</u>, 406 F.2d 251, 253
(1st Cir. 1969); <u>accord</u> <u>First Union Nat'l Bank v. Hall</u>, 123 F.3d
1374, 1377 (11th Cir. 1997).[8]

---

[8] The defendants bring their motion to reconsider under Rule
59(e).  Its text simply sets a 28-day deadline for moving to
alter a judgment.  A showing of new law, new evidence, clear
error, or manifest injustice generally is required to warrant
reconsideration. <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208
(D.C. Cir. 1996).  Though the defendants do not address it, at
least one court has noted the tension between the specific
statutory bar outlined in § 1447(d) and "the more general
standards for motions to reconsider under [R]ule 59(e)."
<u>Archuleta v. Taos Living Ctr.</u>, No. 10-1150, 2011 WL 6013057, at
*6 (D.N.M. Dec. 1, 2011).  When two applicable statutes conflict,
"the more 'specific statutory language should control[.]'" <u>Id.</u>
(citing <u>Nat'l Cable & Telecomms. Ass'n v. Gulf Power Co.</u>, 534
U.S. 327, 335 (2002).)  Here, the far more specific language of
prohibition in section 1447(d) acts to prohibit review -- and
reconsideration -- of the September opinion and order.  28 U.S.C.

-8-

The plaintiffs' argument that § 1447(d) bars reconsideration turns on whether the September opinion and order was issued under § 1447(c). (See Pls.' Opp'n at 3-5.) Without citing to § 1447(c), the opinion nevertheless explicitly found procedural defects fatal to removal under 28 U.S.C. § 1446(b). See Ballard, 2011 WL 4406335, at *3, *4. See also Tipp, 89 F. Supp. 2d at 1307 ("[T]he remand order states that the removal was procedurally defective [for non-compliance] with the thirty day removal deadline set forth at 28 U.S.C. § 1446(b). . . . Therefore, *because the court remanded this case pursuant to section 1447(c)*, the court is precluded by section 1447(d) from reconsidering that remand" (emphasis added).) Under these circumstances, the remand statute bars reconsideration of the September opinion and order.

    B.   The exception to the bar

The defendants argue that review here is permitted under the exception in § 1447(d) for cases removed under § 1443. Section 1447(d) exempts from the general bar on reviewing remand orders civil rights cases removed under 28 U.S.C. § 1443. In relevant part, § 1443(2) authorizes the removal of civil actions "[f]or any act under color of authority derived from any law providing for equal rights[.]" This subsection does not apply to "the

---

§ 1447(d).  The defendants have not explained why Rule 59(e) would control despite being the provision of lesser specificity. See Archuleta, 2011 WL 6013057, at *6.

whole gamut of constitutional rights," nor to laws, such as 42 U.S.C. § 1983, "that confer equal rights in the sense[] . . . of bestowing them upon all." People of the State of N.Y. v. Galamison, 342 F.2d 255, 269, 271 (2d Cir. 1965). Instead, § 1443(2) concerns "law[s] providing for specific civil rights stated in terms of racial equality[,]" such as the "historic . . . equal rights statutes" enacted in 1965. Cashman v. Rosenberger, No. 105CV0640GLSDRH, 2005 WL 1949930, at *1 (N.D.N.Y. Aug. 12, 2005) (quoting State of Ga. v. Rachel, 384 U.S. 780, 792 (1966)); Galamison, 342 F.2d at 271.

The Second Circuit has explained why the legislative history of § 1443 supports a narrow interpretation of the term, "laws providing for equal rights[.]" Section 1443 has its roots in § 3 of the Civil Rights Act of 1866, which Congress enacted to "codify[] . . . and consolidate existing statutes." Galamison, 342 F.2d at 259, 267 (internal quotation marks and citation omitted). The portion of the Act that is now § 1443(2) permitted removal "only for any arrest or imprisonment, trespasses, or wrongs done or committed by virtue or under color of authority derived from this act[.]" Id. at 267 (internal quotation marks omitted). These specific statutes did not even "remotely relat[e]" to "generalized constitutional" protections. Id. at 264, 267. Accordingly, "[t]he officer granted removal under . . . [the Act]" in 1866 would have relied upon a specific statute rather than "statutes[] coextensive with the whole reach

of the Constitution[.]"  <u>Id.</u> at 266.  The Second Circuit

therefore concluded that

> [w]hen the removal statute speaks of 'any law providing
> for equal rights,' it refers to those laws that are
> couched in terms of equality, such as the historic and
> the recent equal rights statutes, as distinguished from
> laws, of which the due process clause and 42 U.S.C.
> § 1983 are sufficient examples, that confer equal
> rights . . . upon all.

<u>Id.</u> at 271.

The defendants find no refuge in § 1443.  First, as they

concede, their notice and amended notice of removal never invoked

§ 1443.  (Defs.' Reply at 1.)  Further, according to the

defendants, the notices proffered "as a basis of removal the fact

that plaintiffs' complaint asserted a claim under 42 U.S.C.

§ 1983[.]"  (<u>Id.</u> at 2.)  Section 1983 actions alleging Fourth and

Fifth Amendment violations are not civil rights cases within the

meaning of § 1443.  <u>See</u> <u>Galamison</u>, 342 F.2d at 271.  The

exception permitting review only of remands granted under § 1443

does not apply here.  <u>See</u> 28 U.S.C. § 1447(d).  Instead, the

September opinion and order constitutes "[a]n order remanding a

case to the State court . . . [which] is not reviewable on appeal

or otherwise."  <u>Id.</u>

C.  <u>Rule 59(e)</u>

Even if the remand order were reviewable, the defendants

have not established under Rule 59(e) standards that

reconsideration is warranted.  Reconsideration under Rule 59(e)

may be granted if the defendants identify "an intervening change

-11-

of controlling law, the availability of new evidence, or the need
to correct a clear error or prevent manifest injustice." Goodman
v. Blount, 427 F. App'x 8 (D.C. Cir. 2011) (citing Firestone v.
Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). "Motions for
reconsideration [under Rule 59(e)] are disfavored[.]" Wright v.
F.B.I., 598 F. Supp. 2d 76, 77 (D.D.C. 2009) (internal quotation
marks and citation omitted). Such motions are granted only
rarely and "in extraordinary circumstances." Kittner v. Gates,
783 F. Supp. 2d 170, 172 (D.D.C. 2011). The movants must not
"relitigate old matters, or raise arguments or present evidence
that could have been raised prior to the entry of judgment."
Cornish v. Dudas, Civil Action No. 07-1719 (RWR), 2011 WL
4448605, at *1 (D.D.C. Sept. 27, 2011).

    The defendants claim that the September opinion and order
misstated a "key fact" -- who filed the December 3, 2010 notice
of removal. (Defs.' Mot. at 1, 4.) The fact was neither key nor
misstated. As the defendants recognize (id. at 4), the court
correctly stated that an "amended notice of removal reflecting
Hilliard's consent was filed on December 3, 2010" and did not
erroneously identify the filer as D.C. Ballard, 2011 WL 4406335,
at *1. Further, the motion "merely repeats arguments raised and
rejected in the [September] memorandum opinion and order."
Cornish, 2011 WL 4448605, at *2. The defendants cite no newly
discovered evidence or intervening change in the law. Indeed,
declining the defendants' request that the last-served rule be

-12-

adopted would not seem to constitute clear error or manifest injustice. When the defendants timed their removal actions, the only published opinions in this judicial district known to have recognized a controlling service rule recognized the intermediate rule. That rule does seem to strike well the balance between fairness to a plaintiff entitled to prompt certainty about the ultimate forum for the litigation and fairness to multiple defendants all being able to seek removal. Taking a chance here on relying on the last-served rule instead simply was a failed risk, regardless of the merits of alternative interpretations of how to apply that rule in this case.

II.  ATTORNEYS' FEES

Under 28 U.S.C. § 1447(c), a district court "may require payment of just costs and any actual expenses including attorney fees, incurred as a result of the removal." Mostofi v. Network Capital Funding Corp., 798 F. Supp. 2d 52, 56 (D.D.C. 2011) (quoting 28 U.S.C. § 1447(c)). "[I]f non-removability is obvious or contrary to well-settled law, courts regularly impose [associated] costs and expenses." Stein v. Am. Express Travel Related Svcs., Civil Action No. 11-1384 (GK), 2011 WL 4430855, at *3 (D.D.C. Sept. 23, 2011). Courts also "may award attorney's fees when remanding a removed case . . . if the removing party lacked an objectively reasonable basis for [seeking] removal." Knop v. Mackall, 645 F.3d 381, 382 (D.C. Cir. 2011) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).

-13-

"Objective reasonableness is evaluated based on the circumstances as of the time that the case was removed." <u>Williams v. Int'l Gun-A-Rama</u>, 416 F. App'x 97, 99 (2d Cir. 2011) (internal citation and quotation marks omitted).

The plaintiffs' renewed request for attorneys' fees under § 1447(c) will be construed as a motion to reconsider the earlier order declining to award such costs. <u>See</u> <u>Ballard</u>, 2011 WL 4406335, at *3. As the September opinion and order concluded, the defendants sufficiently demonstrated an objectively reasonable basis for removal. <u>Id.</u> The plaintiffs have not articulated any basis for reconsideration. Accordingly, no award of attorneys' fees is warranted.[9]

CONCLUSION

Section 1447(d) bars reconsideration of the order issued under § 1447(c) remanding this case. Accordingly, it is hereby

ORDERED that the defendants' motion for reconsideration [#16] be, and hereby is, DENIED.

SIGNED this 27th day of January, 2012.

_____/s/_____<br>
RICHARD W. ROBERTS<br>
United States District Judge

---

[9] The plaintiffs advert to the defendants' exposure to Rule 11 sanctions for unjustified motions for reconsideration. (Pls.' Opp. at 8-9.) However, the plaintiffs have not moved for sanctions in compliance with Rule 11, which requires that such motions "be made separately from any other motion" and "describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2).